MILLIE LUEDEKE, PLAINTIFF-APPELLANT, v. HARRY C. ROSELL, DEFENDANT-RESPONDENT.

Submitted February 15, 1935—Decided May 17, 1935.

For the appellant, *Nicholas S. Schloeder.*

For the respondent, *Isaacs & Gunther.*

The opinion of the court was delivered by

HETFIELD, J.   This was an action for deceit, instituted against the defendant, for fraudulently inducing the plaintiff to purchase certain real property, consisting of a two-family brick dwelling house and lot, in the township of North Bergen, Hudson county.   The premises in question fronted on that portion of Fourth avenue lying north of Thirty-ninth street, which had not been paved or improved in any manner at the time of the purchase.

The complaint, in substance, alleged that immediately prior to the plaintiff's acquiring title on March 31st, 1926, the defendant represented to her that the street upon which the property faced was then in the process of improvement, and that said improvement was part of the same undertaking which was then in progress on Fourth avenue, south of Thirty-ninth street;   that plaintiff, relying upon these representations, purchased the property, and at the time the repre-

sentations were made, they were false, and defendant knew them to be, and intended that the plaintiff should rely upon same.

At the conclusion of the plaintiff's case, a motion to nonsuit was granted by the trial court, and such action is the sole basis of this appeal.

To support an action for deceit it must be clearly proven either that the defendant knew of the falsity of a fact represented by him to be true, or that there was falsity in the defendant's affirmance of his knowledge of the truth of such fact, as moral fraud in a misrepresentation is an essential element in a suit of this character. *Lams* v. *Fish,* 86 *N. J. L.* 321.

We conclude that the plaintiff did not meet the requirements necessary to sustain the charges contained in the complaint. The testimony at the close of the plaintiff's case showed that the defendant did state to the plaintiff, that a fifty-foot street was then under construction, and that she would have a street in about three weeks, and that the improvement would cost the property owners between $600 and $700 a lot. The plaintiff testified that at the time this statement was made, men were working on Fourth avenue, south of Thirty-ninth street, removing rocks, &c. There was also evidence to show that prior to the plaintiff's acquiring title to the property, there had been several ordinances passed by the township, providing for the opening and improvement of Fourth avenue, south of Thirty-ninth street; and on June 24th, 1926, a short time after she purchased the property, an ordinance was introduced and subsequently adopted, which established Fourth avenue, north of Thirty-ninth street, to the township line, as a public thoroughfare; and on July 22d, 1926, an ordinance was introduced and subsequently adopted, providing for the widening of Fourth avenue, north of Thirty-ninth street, which included the part of the street upon which the property involved fronted. It appears, however, that by reason of the expense involved in acquiring land necessary for the improvement, no work has as yet been performed under the two last mentioned ordinances.

There was no evidence to show that when the alleged statement was made, the defendant knew it to be false, or that he intended to deceive. On the contrary, the proof indicates that there were ample grounds to justify his statement. The plaintiff knew that the improvement was to be made by the municipality. It is apparent that she was of the same opinion as the defendant, both before and several years after title had passed, that the street would be improved. She made inquiry of the township officials, and was informed that the improvement would be made. She did not form a contrary belief until approximately five years after she had taken title, and made no complaint whatever to the defendant during that period. That this was her state of mind, is best illustrated by quoting her testimony in part:

"I went to the town hall to find out about the improvement I guess every week, and I was the spokesman, you might say, for those people in the block, and they kept promising me a street; that they would improve the street; that the street was coming through, which I thought was coming through; and finally about five years after that is how I knew there was not going to be no street; because the town treasurer told me there is no use, after I quarreled with him so much. He said, 'there is no use your coming down. There is absolutely going to be no street. All you will get will be water and gas, and we had a private water line there.'"

We are of the opinion that the proofs were insufficient to go to the jury on the question of knowledge on the part of the defendant, as fraud must be intentional and designed to deceive, and not an honest mistake concerning which both parties were in a position to practically inform themselves. 2 *Add Torts* 1185.

The judgment of nonsuit will therefore be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.